MANN, Judge.
Bernice Carty’s heirs at law are a brother, the appellant Chambers, two half-sisters, the appellees Mrs. Neely and Mrs. Hockensmith, and a nephew, son of a deceased brother. Chambers appeals from an order denying revocation of letters of administration granted to Mrs. Neely on petition of herself and Mrs. Hockensmith, without notice to Chambers.
*895 Florida Statutes Section 732.44, F.S.A. provides:
“Preference in appointment of administrator. In the granting of letters of administration, the following preference shall be observed:
(1) The surviving spouse shall first be entitled to letters.
(2) The next of kin, at the time of the death of the decedent, shall next be entitled to letters.
(3) If there are several next of kin, equally near in degree, the one selected in writing by a majority of them who are sui juris shall be appointed. If no such selection is thus made, the county judge may exercise his discretion in selecting the one best qualified for the office.”
Section 732.43 provides that citation need not be served if the petitioner is entitled to preference of appointment.
The brother and half-sisters are equally near to the decedent in degree, degree being a measure of the generations separating a claimant from the decedent through a common ancestor, although the interest of a relative of the half blood is diminished by half. Thus there were three persons in equally near degree surviving Bernice Carty, two of whom, a majority in number, although entitled between them to a third only of the net estate, were entitled to petition without citation for letters.
The County Judge correctly read the statute. Chambers may be a victim of legislative oversight, but we are powerless to make him the beneficiary of judicial legislation.
Affirmed.
HOBSON, C. J., concurs.
PIERCE, J., dissents.